DAN RAYFIELD
Attorney General
EDWARD 'JAKE' MILLER #232113
Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email: jake.miller@doj.oregon.gov

SEAN KALLERY #172133
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4791
Email: sean.kallery@doj.oregon.gov

Attorneys for Defendants Bennett, Kotek, Petersen, Reese, Stromberg, Thrasher, Oregon Department of Corrections

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| NATALIA HERNANDEZ,<br><br>Plaintiff,<br><br>v.<br><br>OREGON DEPARTMENT OF CORRECTIONS, et al,<br>Defendants. | Case No. 6:26-cv-00905-YY<br><br>DEFENDANTS' MOTION TO DISMISS |

## CERTIFICATE OF CONFERRAL

Pursuant to L.R. 7-1(a)(1)(A), counsel for defendants certify that they conferred with Plaintiff's counsel regarding the relief in this motion, and Plaintiff objects to the relief requested in this motion.

## MOTION

Defendants Oregon Department of Corrections, Tina Kotek, Michael Reese, Larry Bennett, Jeremiah Stromberg, Charlotte Thrasher, and Tasha Petersen move the Court for an order partially dismissing Plaintiff's claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6).

Six of the nine claims asserted by Plaintiff should be dismissed. Claims 1 and 2 fail to state any tort claim recognized under state law. Claims 3, 5, 6, and 8 fail to allege facts sufficient to meet the elements of their otherwise cognizable claims. Claims 4, 7, and 9 state sufficient facts to constitute claims properly pled, and Defendants do not seek to dismiss them at this stage of litigation.

Defendants Kotek, Bennett, Stromberg, Thrasher should also be dismissed from this case, for Plaintiff's Complaint fails to allege any personal participation by these Defendants in any of their factual allegations supporting their properly pled claims.

A memorandum of law on the deficiencies of Plaintiff's complaint follows.

## MEMORANDUM OF LAW

### I. Summary of the Pleadings.

Plaintiff Natalia Hernandez is a former adult-in-custody (AIC) released from ODOC custody, rearrested, and returned to ODOC custody following the *Torres-Lopez v Fahrion,* 373 OR 816, 572 P3d 1045 (2025) decision by the Oregon Supreme Court. Plaintiff was released from ODOC custody pursuant to a Writ of Habeas Corpus in *Natalia Hernandez v. Charlotte Thrasher*, S072503 following the Oregon Supreme Court's decision in *Jose Rafael Arellano-Sanchez v. Charlotte Thrasher.* She is not currently in ODOC custody.



Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

Defendants include the Oregon Department of Corrections (ODOC), Oregon Governor Tina Kotek, ODOC Agency Head Michael Reese, ODOC Assistant Direction of the Correctional Services Division Larry Bennett, ODOC Assistant Direction of Community Corrections Jeremiah Stromberg, ODOC Coffee Creek Correctional Facility Superintendent Charlotte Thrasher, and ODOC Offender Information and Sentence Computation Administrator Tasha Petersen.

Plaintiff alleges (1) she was subjected to an unreasonable seizure under Article I, Section 9 of the Oregon Constitution; (2) she was subjected to deliberate indifference of the legality of her imprisonment in violation of Article I, Section 16 of the Oregon Constitution; (3) Defendant Peterson abused the process for ODOC to issue and order for arrest of Plaintiff; (4) she was falsely imprisoned before her release and after her rearrest; (5) Defendants were negligent; (6) Breach of Contract regarding her post-prison supervision; (7) her rearrest violated the prohibition against unlawful seizures under the 4th Amendment of the US Constitution; (8) she was subjected to deliberate indifference of the legality of her imprisonment in violation of the 8th Amendment of the US Constitution; and (9) she was subjected to a lack of Due Process in violation of the 14th Amendment of the US Constitution. See Compl. ECF No. 1-1. For the purposes of this motion only, Defendants take plaintiff's factual allegations in his Complaint as true.

## II. Applicable Legal Standard.

### A. Dismissal under FRCP 12(b)(6)

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Invenergy Thermal LLC v. Watson*, 701 F Supp 3d 1080, 1088–89 (WD Wash 2023), aff'd but criticized, 23-3857, 2024 WL 5205745 (9th Cir Dec 24, 2024), citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *Id.*, citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). A claim has "facial plausibility" when the party seeking relief "pleads


Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, citing *Iqbal* at 678.

Although courts must accept as true the complaint's well-pleaded facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion to dismiss. *Iqbal,* citing *Vasquez v. Los Angeles Cnty.,* 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* citing *Iqbal* at 678.

Courts may deny leave to amend where amendment would be futile. See *Ventress v. Japan Airlines,* 603 F.3d 676, 680 (9th Cir. 2010)

## III. Law and Argument

### A. Claims 1 and 2 – Oregon State Constitution Violation Allegations

Unlike federal 42 U.S.C. § 1983 claims alleging violations of the United States Constitution, allegations of violations of the Oregon State Constitution are not entitled to costs, expenses, attorneys fees, or compensatory damages. This is the only relief sought by Plaintiff's Complaint. See Compl. ECF No. 1-1, page 28-29. "Oregon's Bill of Rights provides no textual or historical basis for implying a right to damages for constitutional violations." *Juran v. Indep. or Cent. Sch. Dist.* 13J, 898 F Supp 728, 730 (D Or 1995) citing *Hunter v. City of Eugene,* 309 Or. 298, 303, 787 P.2d 881 (1990). Rather, the appropriate remedy for constitutional violations by public bodies, officers, employees, and agents is the Oregon Tort Claims Act, ORS 30.260–30.300. *Id.*


Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

Plaintiff's complaint does not seek declaratory relief, and the complaint inadequately sets forth standing for declaratory relief under Oregon's Uniform Declaratory Judgments Act (ORS § 28.020). To satisfy standing under the Oregon Uniform Declaratory Judgments Act, a plaintiff must show that the challenged writing (1) "injur[es] or impact[s] * * * a legally recognized interest" of the plaintiff; (2) "that the claimed injury or impact is real or probable, not hypothetical or speculative"; and (3) "that a decision by the court will in some sense rectify the injury." *McNichols v. Dept. of Fish & Wildlife,* 308 Or App 369, 374, 482 P3d 208, 212 (2021), citing *MT & M Gaming, Inc. v. City of Portland*, 360 Or. 544, 554-55, 383 P.3d 800 (2016).

Plaintiff's Complaint does not establish element 3 of standing for Declaratory judgment. Plaintiff's Complaint does not establish how a decision by this court will in some sense rectify her alleged injuries. Plaintiff's Complaint alleges she has already had the issue of her rearrest taken up by the Oregon Supreme Court in *Natalia Hernandez v. Charlotte Thrasher*, S072503. See Compl., ECF No. 1-1, page 14, ¶ 76. Declaratory relief from this court does not rectify any alleged injuries she has not already addressed through her other cases alleged in her Complaint.

As Plaintiff cannot recover compensatory damages on the allegations of violations of her Oregon Constitutional Rights, and she does not establish standing for Declaratory relief, the Court should dismiss claims 1 and 2 for failing to identify a claim. The Court should dismiss these claims without leave to amend. *See Ventress,* 603 F.3d 676, 680 (9th Cir. 2010) (where amendment would be futile, leave to amend is properly denied).

**B. Claim 3 – Abuse of Process**

"Abuse of process is the perversion of legal procedure to accomplish an ulterior purpose when the procedure is commenced in proper form and with probable cause." *Larsen v. Credit Bureau, Inc. of Georgia*, 279 Or. 405, 408 (1977) (quotation marks omitted); see also *Pfaendler* v. Bruce, 195 Or. App. 561, 571 (2004) (" 'Abuse of process' is the perversion of a process that is regular on its face to a purpose for which the process is not intended."). It requires pleading two essential elements, "first, an ulterior purpose, and second, a willful act in the use of the


Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

process not proper in the regular conduct of the proceeding." *Larsen*, 279 Or. at 408 (quoting *Prosser,* Law of Torts § 121 at 875 (1971) (hereinafter Prosser); see also *Page v. Parsons*, 249 Or. App. 445, 454 (2012) ("With respect to his claim for abuse of process, plaintiff needed evidence of both elements: an 'ulterior purpose, unrelated to the process' and a 'willful act in the use of the process that is not proper in the regular conduct of the proceeding.' "); *Pfaendler*, 195 Or. App. at 571 ("[T]o plead a claim for abuse of process, a plaintiff must allege some ulterior purpose, unrelated to the process, and a willful act in the use of the process that is not proper in the regular conduct of the proceeding."). The "improper purpose" element "usually takes the form of coercion to obtain a *collateral advantage*, not properly involved in the proceeding itself, such as the surrender of property or the payment of money, using the process as a threat or a club. There is, in other words, a form of extortion, and it is what is done in the course of negotiation, rather than the issuance or any formal use of the process itself, which constitutes the tort." *Larsen*, 279 Or. at 408 (quoting *Prosser*), emphasis added. *Hernandez v. Jefferson Cnty. Sheriff's Office*, 3:19-CV-1404-JR, 2020 WL 7643116, at *4 (D Or Dec 23, 2020).

Plaintiff's complaint alleges Defendant Peterson "Misus[ed] the word "warrant," for the ulterior purposes of circumventing due process protections and swiftly returning Plaintiff to prison." See Compl. ECF No. 1-1, page 21, ¶110.

This allegation confuses the means with the ends of the "ulterior motive" in an abuse of process claim. Plaintiff does not allege any collateral advantage in the Complaint. Alleging an improper purpose is a necessary element of an abuse of process claim, because otherwise Defendant Peterson is not on notice for what evidence she should use to contest the speculative allegation she issued a warrant for the sake of "circumventing due process." As stated, Defendant cannot discern what form of extortion against Plaintiff she allegedly undertook. An alleged failure to conduct a proper process is a 42 U.S.C. § 1983 claim, as Plaintiff properly alleges in Claim 9.


Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

The Court should dismiss Plaintiff's "abuse of process" claim for failing to state sufficient facts indicating Defendant Peterson acted with an improper purpose.

**C. Claim 5 – Negligence**

Public Officials, including all individual Defendants, are immune from liability for any claim based upon the performance of or the failure to exercise or perform a discretionary function or duty, whether or not the discretion is abused. ORS 30.265(6)(c). Plaintiff's three theories of negligence do not state any duties which are not discretionary in their fundamental nature, and Plaintiff's claims should be dismissed.

"Negligent Deprivation of Due Process" is not a cognizable tort theory of negligence. Deprivation of due process has its own standard under 42 U.S.C § 1983, and Plaintiff cannot litigate the alleged due process violation under the standards of negligence. Plaintiff properly pleads a Due Process claim under the appropriate standard in Claim 9. "Negligent Issuance of an Order for Arrest and Detention" and "Negligent Failure to Provide Planning or Support for Sudden Release" are likewise not ministerial functions of Oregon public officials, are precisely the type of judgment-laden, policy-driven decisions that fall within the discretionary function immunity of ORS 30.265(6)(c). ORS 144.096 and ORS 423.105(3)(b) lack any express civil liability provision, and Defendants are immune from a private right of action absent an express waiver of sovereign immunity.

Plaintiff's Complaint does not point to any ministerial duties Defendants negligently performed or failed to perform which would overcome discretionary immunity, and the court should dismiss Plaintiff's barred theories of negligence. The Court should dismiss these claims without leave to amend. *See Ventress,* 603 F.3d 676, 680 (9th Cir. 2010) (where amendment would be futile, leave to amend is properly denied).

**D. Claim 6 – Breach of Contract**

To state a claim for breach of contract, plaintiff must allege the existence of a contract, its relevant terms, plaintiff's full performance, and lack of breach[,] and defendant's breach resulting


Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

in damage to plaintiff." *Moyer v. Columbia State Bank*, 316 Or App 393, 402–03, 505 P3d 26, 33–34 (2021), rev den, 369 Or 705 (2022), citing *Slover v. State Board of Clinical Social Workers,* 144 Or. App. 565, 570, 927 P.2d 1098 (1996) (internal quotation marks omitted). A contract is "most commonly formed by an offer, an acceptance of that offer, and an exchange of consideration." *Id.,* citing *Moro v. State of Oregon*, 357 Or. 167, 196, 351 P.3d 1 (2015). A plaintiff must plead consideration. *Id.,* See *Kornbrodt v. Equitable Trust Co.,* 137 Or. 386, 392, 3 P.2d 127 (1931) (stating that "consideration must be proved, and consequently it should be stated").

PPS is a "term of community supervision." OAR 213-005-0002(1) (emphasis added). That term is determinate. See ORS 144.103 (providing for duration of PPS); OAR 213-005-0002(2)(a) (same). Offenders are required to "serve the term of supervision." OAR 213-005-0003 (emphasis added). *Brown v. Kotek*, 372 Or 260, 268, 548 P3d 1286, 1291 (2024). PPS conditions are unilaterally imposed as part of a sentence, not negotiated or agreed upon between an offender and ODOC. There is no mutual assent or consideration that would give rise to a contract between the plaintiff and ODOC.

The Court should dismiss Plaintiff's Breach of Contract claim because PPS is not a contract and Plaintiff has failed to state consideration, a required element of a breach of contract claim. The Court should dismiss these claims without leave to amend. *See Ventress,* 603 F.3d 676, 680 (9th Cir. 2010) (where amendment would be futile, leave to amend is properly denied).

**E. Claim 8 – Eighth Amendment § 1983.**

The Eighth Amendment's prohibition against "cruel and unusual punishments" imposes duties on prison officials to provide "humane conditions of confinement." *Hampton v. California*, 83 F4th 754, 765–66 (9th Cir 2023) citing *Farmer v. Brennan,* 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

> [W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety



Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

> and general well being.... The rationale for this principle is simple enough: when the State by the affirmative exercise of its power so restrains an individual's liberty that it renders him unable to care for himself, and at the same time fails to provide for his basic human needs—e.g., food, clothing, shelter, medical care, and reasonable safety—it transgresses the substantive limits on state action set by the Eighth Amendment.

*Id.*, citing *Helling v. McKinney*, 509 U.S. 25, 32, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993) (alterations *766 in original) (quoting DeShaney v. Winnebago Cnty. Dep't of Soc. Servs., 489 U.S. 189, 199-200, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989)). Under the Eighth Amendment, then, "prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.' " *Id.*, citing *Farmer*, 511 U.S. at 832, 114 S.Ct. 1970 (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984)).

Plaintiff's Complaint fails to make any allegations any Defendant was deliberately indifferent to the physical conditions of Plaintiff's confinement. Plaintiff's allegation in Claim 8 is essentially that she was denied due process by incarceration, which is covered in Claim 9 of Plaintiff's Complaint. Plaintiff's Eighth Amendment section § 1983 claims should be dismissed.

**F. Defendants Kotek, Bennett, Stromberg, Thrasher should be dismissed.**

To impose liability on an individual defendant under § 1983, a plaintiff must show that the defendant proximately caused the deprivation of the federally protected right. *Leer v. Murphy*, 844 F.2d 628,634 (9th Cir. 1988).

"In *Roberts v. Coleman*, 228 Or. 286, 365 P.2d 79 (1961), the Oregon Supreme Court outlined all elements necessary to show false imprisonment. The court stated that the defendants' "act must be done with the intent to confine the plaintiff and must be the legal cause of confinement."' *Oviatt By & Through Waugh v. Pearce*, 954 F2d 1470, 1479 (9th Cir 1992).

Plaintiff's Complaint does not allege Defendants Kotek, Bennett, Stromber, or Thrasher proximately caused the alleged deprivation of any constitutional rights under their properly pled Fourteenth Amendment Due Process or Fourth Amendment Unlawful Seizure claims. Plaintiff's


Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

Complaint does not allege any of these Defendants' actions were the legal cause of Plaintiff's alleged false imprisonment. Plaintiff's Complaint explicitly alleges Defendant Petersen signed orders for the arrest of Plaintiff. See Compl. ECF No. 1-1, page 3, ¶ 10. These Defendants should be dismissed as Defendants in this case.

## IV. Conclusion

Read wholistically, Plaintiff's Complaint alleges Defendants ODOC, Reese and Petersen contributed to Plaintiff's alleged unlawful arrest and an alleged period of unlawful imprisonment via alleged inadequate process, and that these actions caused damages. Claims 4 (False Imprisonment), 7 (Unlawful Seizure), and 9 (Unlawful Due Process), are the appropriate claims to continue before the court based on the nature of the factual allegations in Plaintiff's Complaint.

Claim 3 does not allege facts sufficiently to provide Defendant's adequate notice of an essential element of that claim, and that claim can be dismissed without prejudice. Claims 1, 2, 5, 6, and 8 should be dismissed with prejudice, as the underlying factual allegations would make amendment futile on those claims. The Court should dismiss Claims 1, 2, 3, 5, 6, 8, and Defendants Kotek, Bennett, Stromberg, Thrasher from this case.

DATED June 26, 2026.

Respectfully submitted,

DAN RAYFIELD
Attorney General

*s/ Edward 'Jake' Miller*

EDWARD 'JAKE' MILLER #232113
SEAN KALLERY #172133
Assistant Attorney General
Trial Attorney
Tel (971) 673-1880
Fax (971) 673-5000
jake.miller@doj.oregon.gov
sean.kallery@doj.oregon.gov
Of Attorneys for Defendants Bennett, Kotek, Petersen, Reese, Stromberg, Thrasher, Oregon Department of Corrections



Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

**CERTIFICATE OF SERVICE**

I certify that on June _26_, 2026, I served the foregoing DEFENDANTS' MOTION TO DISMISS upon the parties hereto by the method indicated below, and addressed to the following:

Benjamin Wright Haile
Oregon Justice Resource Center
PO Box 5248
Portland, OR 97209
*Attorney for Plaintiff*

___ HAND DELIVERY
___ MAIL DELIVERY
___ OVERNIGHT MAIL
___ TELECOPY (FAX)
_X_ E-MAIL
*bhaile@ojrc.info;*
*sbauer@ojrc.info*
*mwilson@ojrc.info*
_X_ E-SERVE

*s/ Edward 'Jake' Miller*
EDWARD 'JAKE' MILLER #232113
SEAN KALLERY #172133
Assistant Attorney General
Trial Attorney
Tel (971) 673-1880
Fax (971) 673-5000
jake.miller@doj.oregon.gov
sean.kallery@doj.oregon.gov
Of Attorneys for Defendants